UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David C. Wald, Sr.,<br>Plaintiff,<br><br>vs.<br><br>MicroBilt Corporation, a Delaware corporation, and<br>MicroBilt Collection Agency, Inc., a Delaware corporation,<br>Defendant. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by David C. Wald, Sr., against MicroBilt Corporation and MicroBilt Collection Agency, Inc., for their repeated violations of the Fair Debt Collection Practices Act ("FDCPA") in an attempt to collect an alleged debt.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendant transacts business within Minnesota.

## PARTIES

4. Plaintiff David C. Wald, Sr., is a natural person who resides in the City of Pillager, County of Cass and State of Minnesota. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5. Defendant, MicroBilt Collection Agency, Inc., is a Delaware corporation engaged

in the business of collecting consumer debts in Minnesota with its principal place of business located at 1640 Airport Road NW, Suite 115, Kennesaw, Georgia, 30144-7038. Their registered agent is the Delaware Business Incorporators, Inc., located at 3422 Old Capitol Trail, Suite 700, Wilmington, Delaware 19808. MicroBilt Collection Agency, Inc., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant, MicroBilt Corporation, is a Delaware corporation engaged in the business of collecting consumer debts in Minnesota with its principal place of business located at 1640 Airport Road NW, Suite 115, Kennesaw, Georgia, 30144-7038. Their registered agent is the Delaware Business Incorporators, Inc., located at 3422 Old Capitol Trail, Suite 700, Wilmington, Delaware 19808. MicroBilt Corporation is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     MicroBilt Corporation does business as "MicroBilt Collection Agency, Inc." Upon information and belief, MicroBilt Collection Agency, Inc., is a wholly owned subsidiary of MicroBilt Corporation.

**FACTS**

8.     In April 2007, Plaintiff brought the rear seat deck of his motorboat to Aero Upholstery ("Aero") for repairs. Plaintiff requested and the company agreed to install new wood on the rear seat deck and new foam into the existing leather seats. Plaintiff agreed to pay Aero $473.00 for the materials and labor. Aero agreed the repairs would be finished the first week of May 2008.

9.     On June 26, 2007, Plaintiff picked up the rear seat deck from Aero and paid them with a check for the repairs. The repairs had been completed two months later than agreed. Later on that day, after inspecting Aero's repairs, Plaintiff discovered that Aero had not completed the

2

work as agreed. The workmanship was poor and the materials used were warped and wrinkled. As a result of the repairs being unsatisfactory, Plaintiff stopped payment on the check.

10. Plaintiff called Aero on multiple occasions to discuss the quality of the workmanship and materials used in the repairs to Plaintiff's rear seat deck. Plaintiff requested that Aero fix the problems with the repairs and that Plaintiff would pay them when they were completed. Aero refused to fix the unsatisfactory repairs and demanded Plaintiff immediately pay for the original repairs. Plaintiff explained that he would not pay for Aero's original work, because it was not completed as agreed.

11. Throughout June 2007 until December 2008, Plaintiff received numerous threatening phone calls and voicemails from Aero's owner. On three separate occasions, Plaintiff called the police to ask for assistance in stopping Aero's harassment and threats. Plaintiff even went so far as to offer to pay Aero $500.00 to be finished with the matter and stop the abuse. Aero refused to accept payment and continued to harass Plaintiff.

12. The amount allegedly due to Aero for the amount of the unsatisfactory repairs is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) ("the alleged debt").

13. Upon information and belief, at sometime prior to December 2008, Aero sold, transferred or assigned the alleged debt to Defendants for collection.

14. On December 23, 2008, Plaintiff received a letter from Defendants demanding payment of the alleged debt in the amount of $2,241.00. The letter threatened that Defendants would communicate Plaintiff's failure to pay the alleged debt to the credit bureaus if Plaintiff did not make a payment immediately. The letter instructed Plaintiff that he had 30 days to send a written dispute and request for verification of the alleged debt.

15. On or around January 8, 2009, Plaintiff's attorney, William H. Hippe, Jr., mailed

3

a letter by certified mail, return receipt requested, to Defendants, disputing the validity of the debt and requesting that Defendants cease any further collection efforts. See attached "Exhibit A."

16. Neither Plaintiff nor Plaintiff's attorney received a response to the letter sent on January 8, 2009, from Defendants.

17. On July 18, 2010, Plaintiff reviewed his credit files from the three major credit bureaus, Equifax, TransUnion and Experian.

18. Plaintiff's TranUnion credit report included an "adverse account" from "MicroBilt Coll [sic] #1677001726." The past due balance reported was "$2,241." The TransUnion credit report stated that Defendant last reported the account to TransUnion on "06/2010."

19. Plaintiff's Experian credit report included an "adverse account" from "MicroBilt Collection Age [sic]." The account number was 167701726. The past due balance reported was "$2,241 as of 07/2010." The Experian credit report stated that Defendant last reported the account to Experian on "07/2010."

20. Plaintiff's Equifax credit report included a "negative account" from "MicroBilt Corporation." The past due balance reported was "$2,241." The Equifax credit report stated that Defendant last reported the account to TransUnion on "06/2010."

21. None of the credit reports included information that Plaintiff disputed the alleged debt through his attorney.

## CAUSES OF ACTION

### COUNT I.
### Violations of the Fair Debt Collection Practices Act

22. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated

herein.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the violations contained in paragraphs 24 - 28:

24. Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with attempting to collect the alleged debt from Plaintiff, including reporting false information to the credit bureaus and attempting to collect an amount that was not authorized by Plaintiff's agreement with Aero.

25. Defendants violated 15 U.S.C. § 1692e(2) by falsely representing that the alleged debt owed by Plaintiff was $2,241.00.

26. Defendants violated 15 U.S.C. § 1692e(8) by communicating to the credit bureaus personal credit information about Plaintiff that Defendant knew was false. Specifically, on numerous occasions – most recently in July 2010 – Defendant failed to report to the credit bureaus that Plaintiff disputed the validity of the debt Defendant was attempting to collect.

27. Defendants violated 15 U.S.C. § 1692f and 1692f(1) by using unfair and unconscionable means to collect the alleged debt, including reporting false information to the credit bureaus and attempting to collect an amount that was not authorized by Plaintiff's agreement with Aero.

28. Defendants violated 15 U.S.C. § 1692g(b) by continuing to communicate false information to the credit bureaus despite having received a letter from Plaintiff's attorney disputing the validity of the debt. Defendant failed to obtain verification of the debt before continuing collection communications with the credit bureaus.

29. As a result of Defendants' violations for the FDCPA, Plaintiff has suffered actual damages, including emotional distress.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. That the Court grants such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **4/14/11**

s/ Mark L. Heaney
Mark L. Heaney, Esq.
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com
*Attorney for Plaintiff*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                                     ) ss.
COUNTY OF CASS )

Plaintiff David C. Wald, Sr., having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                                 **s/ David C. Wald, Sr.**        **4/14/11**
                                                 David C. Wald, Sr.               Date

Subscribed and sworn to before me
this **14**th of **April**, 20**11**.

**s/ Jill Ann Clark**
Notary Public